UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KARL MAROZSAN, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 3:18-CV-329 JD |
| DJ ORTHOPEDICS, LLC., et al., | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Karl Marozsan had his hip replaced by a prosthetic orthopedic implant manufactured by the defendants in this case. He alleges that the implant was defective, causing him to experience pain and weakness and to have to undergo another replacement surgery, so he filed this suit. The defendants moved to dismiss the complaint, arguing that the claims are barred by the statute of limitations, are not adequately pled, and fail as a matter of law. The Court grants the motion in part and denies it in part.

## I. FACTUAL BACKGROUND

On September 19, 2013, Karl Marozsan underwent hip replacement surgery. That surgery entails replacing the hip joint with a prosthetic orthopedic device. Part of the device attaches to the patient's femur, and a ball at the top of that part fits into a shell that then fits into the patient's hip socket. The femoral head forms the hip joint when it is placed inside the shell. The implant that Mr. Marozsan received was designed, manufactured, and marketed by defendants DJ Orthopedics, LLC and Encore Medical, LP. Mr. Marozsan alleges that the implant's design resulted in metal-on-metal contact between its parts. That contact can cause metal debris to leach into the hip compartment. After the surgery, Mr. Marozsan began experiencing pain, weakness,

and a lack of mobility. He also had high concentrations of metal in his blood. Eventually, he had to undergo another surgery to replace the hip implant.

Mr. Marozsan thus filed this suit in May 2018, alleging that he was injured by the defective product, that the defendants did not adequately warn of its risks, and that they misrepresented that it was safe. Mr. Marozsan asserts claims under state law, and the Court has diversity jurisdiction. The defendants appeared and filed a motion to dismiss, which has been fully briefed.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## III.  DISCUSSION

Mr. Marozsan asserts a claim under the Indiana Product Liability Act, plus common law claims for fraud and fraudulent concealment. The defendants moved to dismiss all three counts.

### A.      Indiana Product Liability Act Claim

The defendants offer multiple arguments in support of their motion to dismiss Count 1, which asserts a claim under the Indiana Product Liability Act. They first argue that the claim is barred by the two-year statute of limitations. The statute of limitations is an affirmative defense, and "'complaints need not anticipate and attempt to plead around defenses.'" *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014) (quoting *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004)). Accordingly, "a motion to dismiss based on failure to comply with the statute of limitations should be granted only where 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Id.* (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). In other words, dismissal on this ground at the pleading stage is only appropriate when the plaintiff "affirmatively plead[s] himself out of court." *Id.*

Mr. Marozsan has not pled himself out of court, as the complaint does not (and need not) specify when his claim accrued. The complaint alleges that Mr. Marozsan underwent surgery on September 19, 2013, well over two years before he filed suit, but it does not allege when Mr. Marozsan became injured as a result. In arguing to the contrary, the defendants rely entirely on the following allegation in the complaint: "Since Plaintiff's surgical implant of the Encore/DJO Surgical hip, plaintiff began to suffer and continues to suffer symptoms including but not limited to pain, weakness, difficulty with daily activities." [DE 7 ¶ 25]. The defendants interpret this as meaning that Mr. Marozsan began experiencing those symptoms *immediately* after his surgery, in which case the claim would have accrued at that time. But the allegation says "since" the

surgery, which can simply mean any time after the surgery. *See https://www.merriam-webster.com/dictionary/since* (last visited Feb. 13, 2019) (defining "since" as meaning "after a time in the past: subsequently"). Mr. Marozsan confirms in his response brief that that was the meaning he intended. At worst, the phrasing is ambiguous, but that ambiguity means that Mr. Marozsan has not pled himself out of court, so the Court denies the motion to dismiss on that ground.

The defendants next argue that two of Mr. Marozsan's three theories under the Product Liability Act fail as a matter of law. The Act provides three general theories of liability: manufacturing defect, design defect, and failure to warn. *Weigle v. SPX Corp.*, 729 F.3d 724, 731 (7th Cir. 2013). Defendants are strictly liable for manufacturing defects, but "[i]nadequate-warning and defective-design claims both sound in negligence." *Id.* The defendants note that Mr. Marozsan's complaint alleges that they are "strictly liable" for the defective products, which they interpret as meaning that Mr. Marozsan wishes to hold them strictly liable under all three theories. Because strict liability does not apply to design defects and failures to warn, the defendants move to dismiss the claim in those respects.

That is not a basis for dismissing this claim, though. First, complaints need not plead legal theories. *Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 859 (7th Cir. 2017). Thus, "specifying an incorrect theory is not fatal." *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). And second, the complaint acknowledges that those theories are governed by a negligence standard, as it alleges that the defendants "owed [Mr. Marozsan] a duty of reasonable care when designing and marketing (instructions and/or warnings) the Encore/DJO Surgical hip." [DE 7 ¶ 37; *see also* ¶ 44 (alleging that the defendant "failed to

exercise reasonable care under the circumstances")]. Thus, the complaint appropriately asserts negligence claims on those grounds.

Finally, the defendants argue that the complaint fails to adequately allege the way in which the product was defective and how it injured Mr. Marozsan. The Court disagrees. The complaint describes how the implant caused metal-on-metal contact between its parts, which "causes cobalt and chromium debris to leach into the hip compartment." [DE 7 ¶ 12]. As a result, Mr. Marozsan "has experienced elevated levels of metal ions in his bloodstream," which "can cause significant health problems." *Id.* ¶ 25; *see also* ¶ 27 ("Blood studies have shown abnormal metal concentrations in Plaintiff's blood consistent with metal-on-metal wearing of the Encore/DJO Surgical hip implant."). Mr. Marozsan further alleges that the implant caused him to experience pain, weakness, and a lack of mobility, and that he had to undergo another surgery to replace the defective implant. *Id.* ¶ 25, 27, 29.

The defendants note that the complaint contains other allegations that are conclusory, such as that the implant was not in compliance with applicable regulations, but without identifying those regulations or how the implant violated them. The Seventh Circuit has held, though, that a complaint need not include those details in the first place: "Defendants object that the original complaint does not specify the precise defect or the specific federal regulatory requirements that were allegedly violated. Although the complaint would be stronger with such detail, we do not believe the absence of those details shows a failure to comply with Rule 8 . . . ." *Bausch v. Stryker Corp.*, 630 F.3d 546, 560 (7th Cir. 2010) (noting also that it "is common . . . for injured plaintiffs to plead both defective manufacture and defective design and to pursue discovery on both theories"). The failure to supply those details thus does not mean that the complaint does not adequately plead the claim. The complaint here is also not comparable to the

threadbare complaint that was dismissed in *Cavender,* which did not allege the nature of the defect or even what the plaintiff's injury was. *Cavender v. Medtronic, Inc.*, No. 3:16-cv-232, 2016 WL 6599744 (N.D. Ind. Nov. 8, 2016). Mr. Marozsan's complaint identifies the feature of the implant that makes it defective and the ways in which the implant injured him. That suffices to give the defendants notice of the claim against them. Accordingly, the Court denies the motion to dismiss Count 1.

**B.     Fraud Claims**

The defendants next move to dismiss Counts 2 and 3, which assert claims for fraud and fraudulent concealment. Mr. Marozsan alleges that the defendants defrauded him by representing that the implant had been tested and found to be safe and effective, and that it was safer than other alternative devices. His fraudulent concealment claim is the corollary to that claim: he alleges that, by withholding information contrary to their fraudulent representations, the defendants committed fraudulent concealment. The defendants argue that Mr. Marozsan failed to adequately plead these claims and that they are preempted by the Product Liability Act. The Court agrees with the first argument, so it need not reach the second.

Normally, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which requires only enough factual content to show that the claim is "plausible." *Iqbal*, 556 U.S. at 678. However, a special rule applies for pleading fraud: under Rule 9(b), "a party must state *with particularity* the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b) (emphasis omitted). "This ordinarily requires describing the 'who, what, when, where, and how' of the fraud . . . ." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011). That rule applies to any claim "that is premised upon a course of fraudulent conduct," *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014), meaning it applies to both the fraud and fraudulent concealment claims.

6

Mr. Marozsan's complaint fails to allege fraud with the required degree of particularity. The relevant allegations on fraud are the following: "Defendants represented through the labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that Encore/DJO Surgical hip had been tested and found to be safe and effective for the treatment of pain and inflammation" and "Defendants represented that Encore/DJO Surgical hip was safer than other alternative hip devices." [DE 7 ¶ 49]. That kitchen-sink allegation provides no particularity; the documents it references seemingly encompass every medium by which the defendants might communicate about their product. The complaint alleges the general subject matter of the fraudulent statements, but does not identify what was said, when it was said, who said it, or where. The complaint's allegations about fraudulent concealment fare no better. In his response brief, Mr. Marozsan neither acknowledges the heightened pleading standard nor undertakes to show how the complaint meets that standard. Accordingly, the Court grants the motion to dismiss these claims, which are dismissed without prejudice.

## IV.  CONCLUSION

The defendants' motion to dismiss is GRANTED in part and DENIED in part. [DE 20]. The Court dismisses Counts 2 and 3 without prejudice, but Count 1 remains pending.

SO ORDERED.

ENTERED:  February 15, 2019

                                                    /s/ JON E. DEGUILIO
                                                    Judge
                                                    United States District Court